PAUL L. REIN, Esq. (SBN 43053)
PATRICIA BARBOSA, Esq. (SBN 125865)
JULIE MCLEAN, Esq. (SBN 215202)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA  94612
(510) 832-5001

Attorneys for Plaintiff
GAIL BEREOLA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

GAIL BEREOLA

    Plaintiff,

v.

BARRY KAMI, as an
individual and dba BARRY
KAMI, DDS; FRANK T. AND
MIYOKO KAMI TRUST; and DOES
1-25, Inclusive,

    Defendants.

_____/

CASE NO.
<u>Civil Rights</u>

**COMPLAINT FOR DENIAL OF DISABLED ACCESS TO DISABLED PERSONS IN VIOLATION OF AMERICANS WITH DISABILITIES ACT, TITLE III, AND CALIFORNIA LAWS REQUIRING FULL AND EQUAL ACCESS TO PUBLIC ACCOMMODATIONS; INJUNCTIVE RELIEF AND DAMAGES PURSUANT TO 42 U.S.C. 12101 et seq.; CAL. CIVIL CODE §§51, 52, 54, 54.1, 54.3, 55; and CAL. HEALTH & SAFETY CODE §§19955 et seq.**

**<u>DEMAND FOR JURY TRIAL</u>**

    Plaintiff GAIL BEREOLA complains that defendants BARRY KAMI, as an individual, and dba BARRY KAMI, DDS; FRANK T. AND MIYOKO KAMI TRUST; and DOES 1-25, Inclusive, (hereinafter "defendants") have denied her and continue to deny her "full and equal access" to the public accommodations, and goods and services offered at the office of Barry Kami, DDS, to the general public, because of her physical disability, in violation of Title III of the Americans with Disabilities Act and

LAW OFFICES OF
**PAUL L. REIN**
**200 LAKESIDE DR., SUITE A**
**OAKLAND, CA 94612-3503**
**(510) 832-5001**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES  -1-  S:\jm\Cases\K\Kami Dental Office\pleadings\KAMI.CMP.wpd

1  California civil rights laws and regulations, and hereby more

2  particularly alleges as follows:

3                          **FIRST CAUSE OF ACTION:**
   **DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF FULL AND EQUAL**
4              **ACCESS TO A PLACE OF PUBLIC ACCOMMODATION**
   **(CIVIL CODE 54, 54.1, et seq.; HEALTH & SAFETY CODE 19953 and**
5                          **19955 et seq.)**

6      1.  Plaintiff GAIL BEREOLA is a "person with a disability"

7  or "physically handicapped person" due to paraplegia.  Plaintiff

8  is a wheelchair user and is unable to use portions of public

9  facilities which are not accessible to disabled persons who

10 require the use of a wheelchair.

11     2.  **SUMMARY:**  This case involves the denial of accessible

12 restroom facilities to Plaintiff GAIL BEREOLA at the office of

13 Barry G. Kami, DDS, located at 1811 University Ave., Berkeley,

14 California.  GAIL BEREOLA was denied her Civil Rights under both

15 California law and federal law, to full and equal access at

16 these facilities because they were not, and are not now,

17 properly accessible to physically disabled persons who use

18 wheelchairs.  Because of this lack of access, Plaintiff GAIL

19 BEREOLA is deterred from returning to the office of Barry Kami,

20 DDS to receive dental care, and is also deterred from returning

21 to the subject facilities to seek dental care for her daughter,

22 who is also a patient of Dr. Kami.  Plaintiff seeks injunctive

23 relief to require Defendants to make their facilities accessible

24 to disabled persons, and to ensure that all disabled patients

25 will be provided accessible facilities including accessible

26 sanitary facilities, and other public facilities, as required by

27 law.  In the alternative, plaintiff seeks to enjoin the subject

28 facilities from operating as a place of "public accommodation"

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES  -2-  S:\jm\Cases\K\Kami Dental Office\pleadings\KAMI.CMP.wpd

1  or "business establishment" which discriminates against

2  plaintiff and other persons with disabilities.  Plaintiff also

3  seeks recovery of damages for her personal injuries and

4  discriminatory experiences and for the continuing day-to-day

5  denial of access which results from  defendants' failure to

6  provide accessible facilities.  Plaintiff GAIL BEREOLA also

7  seeks recovery of statutory attorney fees, litigation expenses

8  and costs, under federal law and California law.

9      3.  **JURISDICTION:**  This Court has jurisdiction of this

10  action pursuant to 28 USC §1331 for violations of Title III of

11  the Americans with Disabilities Act of 1990, 42 USC 12101 *et*

12  *seq*.  Pursuant to pendant jurisdiction, attendant and related

13  causes of action arising from the same facts are also brought

14  under California law, including but not limited to violations of

15  California Civil Code §§51, 52, 54, 54.1 and 55; California

16  Health & Safety Code §19955 *et seq*., including §19959; and

17  California Code of Regulations Title 24-2 (hereinafter "Title

18  24").

19      4.  **VENUE:**  Venue is proper in this court pursuant to 28

20  USC 1391(b) because the subject property is located in this

21  district and Plaintiff's causes of action arose here.

22      5.  **INTRADISTRICT:**  This case should be assigned to the

23  San Francisco/Oakland intradistrict where the subject property

24  is located and where plaintiff's causes of action arose.

25      6.  **PARTIES:** Plaintiff GAIL BEREOLA is a "qualified"

26  physically disabled person who cannot walk due to paraplegia as

27  a result of injuries suffered in an airplane crash, and who

28  requires use of a wheelchair.  BARRY KAMI, as an individual, and

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA **94612-3503**
**(510) 832-5001**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES  -3-  S:\jm\Cases\K\Kami Dental Office\pleadings\KAMI.CMP.wpd

1  dba BARRY KAMI, DDS; FRANK T. AND MIYOKO KAMI TRUST; and DOES 1-

2  25, Inclusive, are the owners, operators, lessors, and lessees

3  of the property, building and facilities located at 1811

4  University Avenue, Berkeley, California.  This location is

5  operated as a dental office and is a "public accommodation" and

6  "business entity" subject to the requirements of California

7  Health & Safety Code §19955 et seq. and of California Civil Code

8  §51, §54 and §54.1, et seq.  On information and belief, such

9  facilities have, since July 1, 1970, undergone construction

10  and/or "alterations, structural repairs, or additions",

11  subjecting all such buildings and facilities to disabled access

12  requirements pursuant to Health & Safety Code §19953-19959, et

13  seq, including a major addition and renovation in 1981-1982.

14      7.   The true names and capacities of Defendants Does 1

15  through 25, Inclusive, are unknown to plaintiff who therefore

16  sues said Defendants by such fictitious names.  Plaintiff is

17  informed and believes that each of the defendants herein

18  designated as a Doe is legally responsible in some manner for

19  the events and happenings herein referred to and caused injury

20  and damages proximately thereby to plaintiff; plaintiff prays

21  leave of Court to amend this Complaint to show such true names

22  and capacities when the same have been ascertained.

23      8.   Defendants BARRY KAMI, as an individual, and dba BARRY

24  KAMI, DDS; FRANK T. AND MIYOKO KAMI TRUST; and DOES 1-25,

25  Inclusive, are and were the owners, operators, lessors and

26  lessees of the subject property, buildings, and facilities at

27  all relevant times.  Plaintiff is informed and believes that

28  each of the defendants herein is the agent, employee or

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES  -4-  S:\jm\Cases\K\Kami Dental Office\pleadings\KAMI.CMP.wpd

1   representative of each of the other defendants, and performed

2   all acts and omissions stated herein within the scope of such

3   agency or employment or representative capacity and is

4   responsible in some manner for the acts and omissions of the

5   other defendants in proximately causing the damages complained

6   of herein.

7       9.   Plaintiff GAIL BEREOLA and other similarly situated

8   physically disabled persons, including those who require the use

9   of a wheelchair, are unable to use public facilities on a "full

10  and equal" basis unless each such facility is in compliance with

11  the relevant provisions of California Building Codes and

12  statutes.  Plaintiff is a member of that portion of the public

13  whose rights are protected by the provisions of Cal. Civ. Code

14  §§51, 52, 54, and 54.1.

15      10.  **STATUTORY PROVISIONS**: California Civil Code §54.1

16  states that individuals with disabilities are "entitled to full

17  and equal access, as other members of the general public, to

18  accommodations, advantages, facilities...places of public

19  accommodations, amusement, or resort, and other places to which

20  the general public is invited, subject only to the conditions

21  and limitations established by law...and applicable alike to all

22  persons."   Health & Safety Code §§ 19955 and 19955.5 were

23  enacted "To ensure that public accommodations or facilities

24  constructed in this state with private funds adhere to the

25  provisions of Chapter 7 (commencing with §4450) of Division 5 of

26  Title 1 of the Government Code."  Section 19955 also requires

27  that "When sanitary facilities are made available for the

28  public, clients, or employees... they shall be made available

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES  −5−  S:\jm\Cases\K\Kami Dental Office\pleadings\KAMI.CMP.wpd

1   for persons with disabilities." California Code of Regulations,

2   Title 24-2 was in effect at the time of each alteration which

3   occurred at such public facility since July 1, 1982,

4   additionally requiring access complying with the specifications

5   of Title 24-2 whenever any construction, "alteration, structural

6   repair or addition" was performed. Further, any construction,

7   alterations, structural repairs, or additions which occurred

8   between July 1, 1970 and July 1, 1982, required compliance with

9   disabled access standards pursuant to American Standards

10  Association Specifications ("ANSI"). On information and belief,

11  in 1985 defendants significantly altered their facilities

12  without making required access improvements, including

13  installing an accessible restroom. All such constructions

14  and/or alterations were carried out by the current defendant

15  owners or operators, or by their predecessors in interest, whose

16  acts and omissions are the continuing and current responsibility

17  of all current owners, operators, lessors and lessees.

18

19  **FACTUAL STATEMENT**

20      11.  Plaintiff GAIL BEREOLA has been Dr. Kami's patient for

21  twenty years, since the mid-1980s, before she became disabled.

22  Plaintiff's minor daughter has also been Dr. Kami's patient for

23  six years. After her disabling injury, plaintiff continued to

24  see Dr. Kami for dental services, despite his lack of accessible

25  facilities. To avoid having to use an inaccessible restroom,

26  plaintiff generally used sanitary facilities prior to her

27  appointments. When she did have a need for an accessible

28  restroom, Dr. Kami and his staff directed her to leave the

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
**(510) 832-5001**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES  -6-  S:\jm\Cases\K\Kami Dental Office\pleadings\KAMI.CMP.wpd

1   office and use an accessible restroom in a nearby restaurant.

2   Plaintiff accepted this discriminatory policy so that she could

3   continue as Dr. Kami's patient, but felt uncomfortable having to

4   leave the office to search for an accessible restroom.

5      12.  On or about December 4, 2003, plaintiff had an 8 a.m.

6   dental appointment with Dr. Barry Kami.  While her treatment was

7   in progress, plaintiff had to use the restroom.  Because

8   defendants failed to provide an accessible restroom despite

9   multiple previous complaints by plaintiff, plaintiff GAIL

10  BEREOLA went to the restaurant that she knew had an accessible

11  restroom, but found that this restaurant and the other nearby

12  businesses were not open at that hour of the morning.

13  Plaintiff, in urgent need of a restroom at this point, went to a

14  nearby tire service business and asked to use the restrooms.

15     13. When plaintiff found the restroom in the tire service

16  station she saw that it was not an accessible restroom and had

17  to squeeze her wheelchair into the restroom to enter.  This

18  restroom had no accessible features such as grab bars, a

19  properly mounted toilet, or space for her to transfer to the

20  toilet and turnaround.  Now in desperate need of a restroom,

21  plaintiff attempted to use the toilet although she did not have

22  sufficient space or grab bars to transfer onto the toilet. In

23  attempting to use the toilet plaintiff lost control and nearly

24  fell from her wheelchair to the floor.  As a result, plaintiff

25  was unable to use the toilet and suffered a humiliating bodily

26  function accident.

27        14.  Plaintiff, soiled and now very upset, returned to

28  defendants' office to tell the dental hygienist that she could

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

1   not continue with her dental appointment, and to explain how she

2   had suffered an accident because she could not find an

3   accessible toilet.  Plaintiff returned home to clean up and did

4   not finish her dental appointment.  From December 4, 2003 until

5   August 31, 2004 plaintiff was deterred from obtaining needed

6   dental work because of the continuing defendants' continued

7   failure to provide accessible restroom facilities.

8        15.  On August 31, 2004, plaintiff returned to

9   defendants' office to take her minor daughter to a dental

10  appointment.  As she had feared, plaintiff again needed to use

11  the restroom.  Not willing to leave her minor daughter alone in

12  defendants' office in order to search for an accessible restroom

13  elsewhere, plaintiff waited in discomfort until her daughter's

14  appointment had concluded to seek an accessible restroom.  While

15  plaintiff was waiting for her daughter, Dr. Kami entered the

16  waiting room to chat and promised he would get in touch with

17  plaintiff about the access barriers at the office as he and his

18  contractors would be having a meeting with the Berkeley Planning

19  Commission in September.  To this date, plaintiff has heard

20  nothing further from Dr. Kami.

21        16.  Since August 31, 2004 until the present,

22  plaintiff has been deterred from returning to defendants' office

23  for her and her daughter's dental needs because of defendants'

24  refusal to provide accessible restrooms.

25

26

27  **PRIOR NOTICE OF CONDITIONS**

28        17.  Defendants, and in particular Dr. Kami has had

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
**(510) 832-5001**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES  -8-  S:\jm\Cases\K\Kami Dental Office\pleadings\KAMI.CMP.wpd

1   prior notice of the lack of accessible restroom facilities for

2   at least two years before plaintiff's visit on December 4, 2003,

3   and failed to take any action to provide disabled access.

4          18. For at least two years prior to December 4, 2003,

5   on numerous occasions when plaintiff visited defendants' office,

6   she complained about the lack of accessible restroom facilities

7   and urged Dr. Kami to renovate his office for accessibility.

8   Dr. Kami has repeatedly informed plaintiff that he was planning

9   to enlarge the size of his office and install accessible

10  restrooms at that time, but despite the passage of nearly three

11  years has failed to install an accessible restroom.

12         19.  Immediately following her incident of December 4,

13  2003, plaintiff contacted Dr. Kami to let him know what had

14  happened, and again urged him to correct the problem so that she

15  and her daughter could continue to be patients at his office.

16  At no cost to Dr. Kami, plaintiff arranged for an access

17  consultant to visit his office and make recommendations for

18  improving access.  The access consultant discussed detailed

19  recommendations for improving access with Dr. Kami on-site, and

20  offered to review building plans to make additional

21  recommendations. However, Dr. Kami ignored the consultant's

22  offers of free assistance and never made any of the access

23  upgrades recommended by the consultant.  Plaintiff made repeated

24  attempts to obtain Dr. Kami's assurances that he would promptly

25  provide disabled access, but was unsuccessful. However, on

26  information and belief, Dr. Kami has requested approval from the

27  City of Berkeley to double the size of his office with a large

28  addition, but has not made plans to install accessible

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES  -9-  S:\jm\Cases\K\Kami Dental Office\pleadings\KAMI.CMP.wpd

1    restrooms.

2         20.   The restrooms at the subject facilities are

3    profoundly inaccessible and are too small and incorrectly

4    configured for use by a wheelchair user.  The lack of access

5    includes: excessively narrow entry door, lack of transfer or

6    turn around space, incorrectly mounted toilet, and lack of

7    safety grab bars.  In addition to the lack of accessible

8    restroom facilities, these public facilities are inaccessible to

9    persons with disabilities in other aspects, including but not

10   limited to the following: lack of proper disabled accessible

11   paths of travel throughout the exterior and interior of the

12   property including excessively narrow hallways and excessively

13   sloped exterior walkway; lack of accessible entry door,

14   including: door landing, clear width of entry, lack of push

15   plates, lack of strike edge clearance; all rendering such

16   facilities inaccessible to and unuseable by plaintiff and other

17   mobility disabled persons.  All public facilities at the subject

18   property must be brought into compliance with all applicable

19   federal and state code requirements for disabled access.

20        21.  Further, each and every violation of the Americans

21   With Disabilities Act of 1990, (as pled in the Third Cause of

22   Action, the contents of which are repled and incorporated

23   herein, word for word, as if separately repled), also

24   constitutes a separate and distinct  violation of §54(c)

25   California Civil Code, thus independently justifying an award of

26   damages and injunctive relief pursuant to California law,

27   including but not limited to §§54.3 and 55 Civil Code.

28        22.  Further, each and every violation of the Americans

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES  -10-  S:\jm\Cases\K\Kami Dental Office\pleadings\KAMI.CMP.wpd

1  With Disabilities Act of 1990, (as pled in the Third Cause of

2  Action, the contents of which are repled and incorporated

3  herein, word for word, as if separately repled), also

4  constitutes a separate and distinct violation of §54.1(d)

5  California Civil Code, thus independently justifying an award of

6  damages and injunctive relief pursuant to California law,

7  including but not limited to §§ 54.3 and 55 Civil Code.

8      23.  **INJUNCTIVE RELIEF:**  Plaintiff seeks injunctive relief

9  to prohibit the acts and omissions of Defendants as complained

10 of herein which are continuing on a day-to-day basis and which

11 have the effect of wrongfully excluding Plaintiff and other

12 members of the public who are physically disabled wheelchair

13 users from full and equal access to these public facilities.

14 Such acts and omissions are the cause of humiliation and mental

15 and emotional suffering of Plaintiff GAIL BEREOLA in that these

16 actions continue to treat her as an inferior and second class

17 citizen and serve to discriminate against her on the sole basis

18 that she is a person with disabilities who requires the use of a

19 wheelchair for movement in public places.  Plaintiff is unable,

20 so long as such acts and omissions of defendants continue, to

21 achieve equal access to and use of these public facilities.  The

22 acts of Defendants have proximately caused and will continue to

23 cause irreparable injury to plaintiff if not enjoined by this

24 Court.

25     24.  Wherefore Plaintiff asks this Court to preliminarily

26 and permanently enjoin any continuing refusal by Defendants to

27 grant full and equal access to Plaintiff in the respects

28 complained of and to require Defendants to comply forthwith with

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

1   the applicable statutory requirements relating to access for

2   disabled persons, or, alternatively, to close their inaccessible

3   facilities to the public and cease to operate an inaccessible

4   public accommodation.  Such injunctive relief is provided by

5   Health & Safety Code §19953 and California Civil Code §55, and

6   other law.

7       25.  **DAMAGES:**  As a result of the denial of equal access to

8   the facility and due to the acts and omissions of Defendants and

9   each of them in owning, operating, leasing, constructing,

10  altering, and maintaining the subject public facilities,

11  plaintiff suffered a violation of her Civil Rights including but

12  not limited to rights under Civil Code §§54 and 54.1, and

13  suffered physical personal injuries and bodily injuries,

14  physical discomfort and pain, mental and emotional distress,

15  embarrassment and humiliation, all to her damages as hereinafter

16  stated.  Defendants' actions and omissions to act constitute

17  discrimination against plaintiff on the sole basis that she was

18  and is physically disabled and unable, because of the

19  architectural barriers created and/or maintained by the

20  Defendants in violation of the subject laws, to use the public

21  facilities on a full and equal basis as other persons.

22  Plaintiff also seeks trebling of all actual damages, general and

23  special, as provided by Civil Code §54.3.

24      26.  **TREBLE DAMAGES:** On information and belief, Defendants

25  were aware that their denial of access and their lack of

26  accessible facilities at the building was denying "full and

27  equal access" to disabled persons such as Plaintiff and would

28  continue to deny such access on a daily basis until fully

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
**(510) 832-5001**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES  -12-  S:\jm\Cases\K\Kami Dental Office\pleadings\KAMI.CMP.wpd

1   accessible facilities were provided for disabled persons.

2   Plaintiff had discussed with defendant Barry Kami the lack of

3   accessible restrooms on several occasions beginning two years

4   prior to her incident of December 4, 2003.  Following the

5   incident on December 4, 2003, plaintiff wrote to Dr. Kami and

6   advised him that she had suffered discrimination as the result

7   of the lack of accessible facilities and reminded Dr. Kami of

8   his obligations under the ADA to provide his services in an

9   accessible manner.  While repeatedly acknowledging the lack of

10  access, defendant Barry Kami repeatedly promised to look into

11  making the corrections but has never done so.  Notice of their

12  obligations under the ADA and defendants' continued refusal to

13  provide their goods and services to disabled persons in a non-

14  discriminatory manner is evidence of conscious disregard for the

15  rights of physically disabled persons.

16      27.  On information and belief, Defendants' acts and

17  omissions in failing to provide the required accessible

18  facilities prior to Plaintiff's visit of December 4, 2003, and

19  refusing to take action following plaintiff's visit, so that

20  these facilities could properly and safely be used by disabled

21  persons, constitutes conduct by Defendants evidencing a

22  conscious disregard for the rights and safety of Plaintiff and

23  of other disabled persons, and justifies treble damages pursuant

24  to Civil Code §54.3.

25      28.  **FEES AND COSTS:**  As a result of defendants' acts and

26  omissions, plaintiff has been required to incur attorney fees,

27  litigation expenses, and costs as provided by statute, in order

28  to enforce plaintiff's rights and to enforce provisions of the

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA **94612-3503**
**(510) 832-5001**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES  -13-  S:\jm\Cases\K\Kami Dental Office\pleadings\KAMI.CMP.wpd

1   law protecting access for disabled persons and prohibiting

2   discrimination against disabled persons.  Plaintiff therefore

3   seeks recovery of all reasonable attorney fees, litigation

4   expenses, and costs, pursuant to the provisions of Civil Code

5   §§54.3 and 55 and Health and Safety Code §19953.  Additionally,

6   plaintiff's lawsuit is intended to require defendants to make

7   their facilities accessible to all disabled members of the

8   public, justifying "public interest" attorney fees, litigation

9   expenses and costs pursuant to the provisions of §1021.5 Code of

10  Civil Procedure and other applicable law.

11          Wherefore plaintiff prays for relief as hereinafter

12  stated:

13

14                  **SECOND CAUSE OF ACTION:**
                **VIOLATION OF UNRUH CIVIL RIGHTS ACT**

15          **CALIFORNIA CIVIL CODE SECTIONS 51 AND 52,**
        **DENIAL OF FULL AND EQUAL ACCOMMODATION IN A BUSINESS**

16          **ESTABLISHMENT ON THE BASIS OF DISABILITY**

17          29.  Plaintiff repleads and incorporates by reference, as

18  if fully set forth again herein, the factual allegations

19  contained in Paragraphs 1 through 28, above, and incorporates

20  them herein by reference as if separately repled hereafter.

21          30.  At all times herein mentioned, the Unruh Civil Rights

22  Act, California Civil Code §51(b), provided that:

23          All persons within the jurisdiction of this state are
            free and equal, and no matter what their sex, race,

24          color religion, ancestry, national origin, disability
            or medical condition are entitled to the full and

25          equal accommodations, advantages, facilities,
            privileges, or services in all business establishments

26          of every kind whatsoever.

27  Pursuant to Cal.Civ.Code §51(f),

28          A violation of the right of any individual under the

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
**(510) 832-5001**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES  -14-  S:\jm\Cases\K\Kami Dental Office\pleadings\KAMI.CMP.wpd

1   Americans With Disabilities Act of 1990 (Public Law
    101-336) shall also constitute a violation of this
2   section.

3   31.  Defendants' dental office is a "business

4   establishment" subject to Cal. Civ. Code §51(b).  Plaintiff

5   suffered damages as above described as a result of defendants'

6   violation of California Civil Code §§ 51(b) and 51(f) in

7   multiple respects, including but not limited to violations of

8   the ADA, as described in the Third Cause of Action, *infra*, the

9   contents of which cause of action are incorporated herein as if

10  separately repled.  California Civil Code §52(a) provides that

11  each such violation entitles plaintiff to "the actual damages,

12  and any amount that may be determined by a jury, or a court

13  sitting without a jury, up to a maximum of three times the

14  amount of actual damage but in no case less than four thousand

15  dollars ($4,000), and any attorney's fees that may be determined

16  by the court in addition thereto..."

17  WHEREFORE, plaintiff prays for damages and injunctive

18  relief as hereinafter stated.

19

20  **THIRD CAUSE OF ACTION:**
    **VIOLATION OF TITLE III OF THE AMERICANS WITH**
21  **DISABILITIES ACT OF 1990 (42 USC §12101FF):**
    **PROHIBITION AGAINST DISCRIMINATION IN A PLACE OF ACCOMMODATION**
22  **ON THE BASIS OF DISABILITY**

23  32.  Plaintiff repleads and incorporates by reference, as

24  if fully set forth again herein, the allegations contained in

25  Paragraphs 1 through 31 of this Complaint, and incorporates them

26  herein as if separately repled.

27  33.  Pursuant to law, in 1990 the United States Congress

28  made findings per 42 USC §12101 regarding physically disabled

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA **94612-3503**
**(510) 832-5001**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES  -15-  S:\jm\Cases\K\Kami Dental Office\pleadings\KAMI.CMP.wpd

persons, finding that laws were needed to more fully protect

"some 43 million Americans [with] one or more physical or mental

disabilities;" that "historically society has tended to isolate

and segregate individuals with disabilities;" that "such forms

of discrimination against individuals with disabilities continue

to be a serious and pervasive social problem;" that "the

Nation's proper goals regarding individuals with disabilities

are to assure equality of opportunity, full participation,

independent living and economic self sufficiency for such

individuals;" and that "the continuing existence of unfair and

unnecessary discrimination and prejudice denies people with

disabilities the opportunity to compete on an equal basis and to

pursue those opportunities for which our free society is

justifiably famous..."

34.   Congress stated as its purpose in passing the

Americans with Disabilities Act (42 USC §12101(b))

It is the purpose of this act

(1) to provide a clear and comprehensive national
mandate for the elimination of discrimination against
individuals with disabilities;

(2) to provide clear, strong, consistent, <u>enforceable
standards</u> addressing discrimination against individuals
with disabilities;

(3) to ensure that the Federal government plays a central
role in enforcing the standards established in this act on
behalf of individuals with disabilities; and

(4) to invoke the sweep of Congressional authority,
including the power to enforce the 14th Amendment and to
regulate commerce, in order to address the major areas of
<u>discrimination faced day to day</u> by people with
disabilities. (Emphasis added)

35.   As part of the Americans with Disabilities Act, Public

Law 101-336, (hereinafter the "ADA"), Congress passed "Title III

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES  -16-  S:\jm\Cases\K\Kami Dental Office\pleadings\KAMI.CMP.wpd

1   - Public Accommodations and Services Operated by Private

2   Entities" (42 USC 12181ff).  The subject property and facility

3   is one of the "private entities" which are considered "public

4   accommodations" for purposes of Title III (42 USC 12181(7)),

5   including but not limited to:

6        42 USC 12181(7)(F) "a...professional office of a health

7   care provider, hospital, or other service establishment."

8        36.   Pursuant to 42 USC §12182(a), "No individual shall be

9   discriminated against on the basis of disability in the full and

10  equal enjoyment of the goods, services, facilities, privileges,

11  advantages, or accommodations of any place of public

12  accommodation by any person who owns, leases, or leases to, or

13  operates a place of public accommodation."

14       37.   Among the specific prohibitions against discrimination

15  were included:

16  42 USC §12182(b)(2)(A)(ii): "A failure to make reasonable
    modifications in policies, practices or procedures when such
17  modifications are necessary to afford such goods, services,
    facilities, privileges, advantages or accommodations to
18  individuals with disabilities...;"

19  42 USC §12182(b)(A)(iii):  "a failure to take such steps as may
    be necessary to ensure that no individual with a disability is
20  excluded, denied service, segregated, or otherwise treated
    differently than other individuals because of the absence of
21  auxiliary aids and services...;"

22  42 USC §12182(b)(2)(A)(iv): "A failure to remove architectural
    barriers, and communication barriers that are structural in
23  nature, in existing facilities... where such removal is readily
    achievable;"
24
    42 USC §12182(b)(2)(A)(v): "Where an entity can demonstrate that
25  the removal of a barrier under clause (iv) is not readily
    achievable, a failure to make goods, services, facilities,
26  privileges, advantages, or accommodations available through
    alternative methods if such methods are readily achievable."
27  The acts and omissions of Defendants set forth herein were in
    violation of Plaintiff's rights under the ADA, and the
28  regulations promulgated thereunder, 28 CFR Part 36ff.

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

1      38.   The removal of each of the barriers complained of by

2   Plaintiff as hereinabove alleged, were at all times herein

3   mentioned "readily achievable" under the standards established

4   by the Department of Justice, implementing Title III of the ADA.

5   As noted hereinabove, removal of each and every one of the

6   architectural barriers complained of herein were also required

7   under California law due to "alterations, structural repairs, or

8   additions."  Further, on information and belief, alterations to

9   existing facilities since January 26, 1993 have also

10  independently triggered requirements for removal of barriers to

11  access for disabled persons pursuant to 42 USC §12183.

12      39.   On information and belief, as of the date of

13  plaintiff's encounter at the premises and the filing of this

14  Complaint, the premises have denied and continue to deny full

15  and equal access to plaintiff and to other disabled persons,

16  including wheelchair users, in other respects, which violated

17  plaintiff's rights to full and equal access and which

18  discriminated against plaintiff on the basis of her disability,

19  thus wrongfully denying to plaintiff the full and equal

20  enjoyment of the goods, services, facilities, privileges,

21  advantages and accommodations, in violation of §302 of the ADA,

22  42 USC §12182.

23      40.   In enforcing the ADA, Plaintiff, a qualified disabled

24  person is entitled to the remedies and procedures set forth in

25  §204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as

26  plaintiff is being subjected to discrimination on the basis of

27  disability in violation of this title or has reasonable grounds

28  for believing that she is about to be subjected to

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES  -18-  S:\jm\Cases\K\Kami Dental Office\pleadings\KAMI.CMP.wpd

1   discrimination in violation of section 303 of the ADA. On
2   information and belief, defendants have continued to violate the
3   law and deny the rights of plaintiff and other disabled persons
4   access to this public accommodation since on or before
5   defendant's encounters as previously discussed.  Pursuant to
6   §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) and
7   §303(a)... injunctive relief shall include an order to alter
8   facilities to make such facilities readily accessible to and
9   usable by individuals with disabilities to the extent required
10   by this title."

11       41.  Plaintiff seeks relief pursuant to remedies set forth
12   in §204(a) of the Civil Rights Act of 1964, (42 USC 2000(a)-
13   3(a)), and pursuant to Federal Regulations adopted to implement
14   the ADA.   Plaintiff remains deterred from returning to such
15   facilities each and every day until such facilities are made
16   accessible to disabled persons.

17       Wherefore plaintiff prays for relief as hereinafter
18   stated:

19                          **PRAYER**

20   Plaintiff GAIL BEREOLA prays that this Court:

21       1.   Issue a preliminary and permanent injunction directing
22   Defendants to modify their non-conforming facilities and related
23   public accommodations and their policies and practices so that
24   each provides full and equal access to all citizens, or in the
25   alternative, directing defendants to cease to operate as a
26   public accommodation or business establishment until such time
27   as the facilities are made accessible to persons with
28   disabilities;

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES  -19-  S:\jm\Cases\K\Kami Dental Office\pleadings\KAMI.CMP.wpd

1     2.   Retain jurisdiction over the Defendants until such

2   time as the Court is satisfied that Defendants' unlawful

3   policies, practices, acts and omissions, and maintenance of

4   inaccessible public facilities as complained of herein no longer

5   occur, and cannot recur;

6     3.   Award to Plaintiff GAIL BEREOLA all appropriate

7   damages, including but not limited to statutory damages, general

8   damages and treble damages in an amount within the jurisdiction

9   of the Court, all according to proof;

10     4.   Award to Plaintiff all reasonable attorney fees,

11   litigation expenses, and costs of this proceeding as provided by

12   law; and

13     5.   Grant such other and further relief as this Court may

14   deem just and proper.

15   Dated: November __, 2004     PAUL L. REIN
                               PATRICIA BARBOSA

16                                   JULIE MCLEAN
                               LAW OFFICES OF PAUL L. REIN

17

18                                 _____

19                                 Attorneys for Plaintiff
                               GAIL BEREOLA

20

21                     **DEMAND FOR JURY TRIAL**

22       Plaintiff hereby demands a jury for all claims for which

23   a jury is permitted.

24   Dated: November __, 2004     PAUL L. REIN
                                 PATRICIA BARBOSA

25                                   JULIE MCLEAN
                               LAW OFFICES OF PAUL L. REIN

26

27                                 _____

28                                 Attorneys for Plaintiff
                               GAIL BEREOLA

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

1

### CERTIFICATION OF INTERESTED ENTITIES OR PARTIES

2                Pursuant to Civil L.R. 3-16, the undersigned certifies

3   that as of this date, other than the named parties, there is no

4   such interest to report.

5   Dated: November __, 2004        PAUL L. REIN
                                    PATRICIA BARBOSA
6                                   JULIE MCLEAN
                                    LAW OFFICES OF PAUL L. REIN
7

8                                   _____

9                                   Attorneys for Plaintiff
                                    GAIL BEREOLA

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES  -21-  S:\jm\Cases\K\Kami Dental Office\pleadings\KAMI.CMP.wpd