PAUL L. REIN, Esq. (SBN 43053)
PATRICIA BARBOSA, Esq. (SBN 125865)
JULIE MCLEAN, Esq. (SBN 215202)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Dr., Suite A
Oakland, CA 94612
(510) 832-5001
FAX (510) 832-4787
Attorneys for Plaintiff:
GAIL BEREOLA

ARTHUR W. CURLEY, Esq. (SBN 60902)
MARK R. GIBSON, Esq. (SBN 212222)
BRADELY, CURELY, ASIANO, BARRABEE, & CRAWFORD, P.C.
(415) 464-8888
FAX(415) 464-8887

Attorneys for Defendants:
BARRY KAMI, as an individual
and dba BARRY KAMI, DDS;
FRANK T. AND MIYOKO KAMI TRUST

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAIL BEREOLA | Case No. C04-4955 JSW |
| Plaintiff, | <u>Civil Rights</u> |
| v. | **CONSENT DECREE AND ORDER** |
| BARRY KAMI, as an individual and dba BARRY KAMI, DDS; FRANK T. AND MIYOKO KAMI TRUST; and DOES 1-25, Inclusive, | |
| Defendants. | |
| _____/ | |

**<u>CONSENT DECREE AND ORDER</u>**

1. Plaintiff GAIL BEREOLA filed this action on November 22, 2004, to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq.,

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and Order:**
**Case No. C04-4955 JSW** — 1 —

and California civil rights laws against Defendants, BARRY KAMI, as an individual and dba BARRY KAMI, DDS; FRANK T. AND MIYOKO KAMI TRUST; and DOES 1 through 25, Inclusive. Plaintiff has alleged that Defendants BARRY KAMI, as an individual and dba BARRY KAMI, DDS; FRANK T. AND MIYOKO KAMI TRUST violated Title III of the ADA and sections 51, 52, 54.1, and 55 of the California Civil Code, and sections 19955 et seq., of the California Health and Safety Code by failing to provide full and equal access to their facilities at the dental building located at 1811 University Ave., Berkeley, California when plaintiff visited the subject facility on December 4, 2003, and August 31, 2004.

2. Defendants BARRY KAMI, as an individual and dba BARRY KAMI, DDS; FRANK T. AND MIYOKO KAMI TRUST ("Defendants") deny the allegations in the Complaint and by entering into this Consent Decree and Order do not admit liability to any of the allegations in Plaintiff's Complaint filed in this action. The parties hereby enter into this Consent Decree and Order for the purpose of resolving this lawsuit without the need for protracted litigation, and without the admission of any liability.

**JURISDICTION:**

3. The parties to this consent decree agree that the Court has jurisdiction of this matter pursuant to 28 USC §1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101 et seq. and pursuant to pendant jurisdiction for violations of California Health & Safety Code §19955 et seq.,

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C04-4955 JSW — 2 —

including §19959; Title 24 California Code of Regulations; and California Civil Code §§51; 52; 54; 54.1; §54.3; and 55.

4. In order to avoid the costs, expense, and uncertainty of protracted litigation, the parties to this consent decree agree to entry of this Order to resolve all claims regarding injunctive relief raised in the Complaint filed with this Court on November 22, 2004. Accordingly, they agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning plaintiff's claims for injunctive relief.

WHEREFORE, the parties to this consent decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF**:

5. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants for injunctive relief that have arisen out of the subject Complaint. The parties agree that there has been no admission or finding of liability or violation of the ADA and/or California civil rights laws, and this Consent Decree and Order should not be construed as such.

6. The parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2 and Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Consent and Order:

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and Order:**
**Case No. C04-4955 JSW** — 3 —

a) <u>Remedial Measures</u>: The injunctive relief agreed upon by the Parties is attached as **Attachment A** to this Consent Decree, which is incorporated herein by reference as if fully set forth in this document. Defendants agree to undertake all remedial work set forth in **Attachment A**. As to those items with one or more indicated alternative solutions, defendants may comply by carrying out the alternative of their choice.

**DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS:**

7. The parties have not reached an agreement regarding plaintiff's claims for damages, attorney fees, litigation expenses and costs. These issues shall be the subject of further negotiation, litigation, or motions to the Court.

**ENTIRE CONSENT ORDER:**

8. This Consent Order and Attachment A to this Consent Decree, which is incorporated herein by reference as if fully set forth in this document, constitutes the entire agreement between the parties on the matters of injunctive relief, and no other statement, promise, or agreement, either written or oral, made by any of the parties or agents of any of the parties, that is not contained in this written Consent Order, shall be enforceable regarding the matters of injunctive relief described herein. This consent decree applies to plaintiff's claims for injunctive relief only and does not resolve plaintiff's claims for monetary damages, attorney's fees, litigation expenses and costs, which shall be the subject of

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C04-4955 JSW            — 4 —

further negotiation and/or litigation.

**CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

9. This Consent Order shall be binding on Plaintiff GAIL BEREOLA, Defendants, BARRY KAMI, as an individual and dba BARRY KAMI, DDS; FRANK T. AND MIYOKO KAMI TRUST; and any successors in interest. The parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Order during the period of the Court's jurisdiction of this consent decree.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF ONLY:**

10. Each of the parties to this Consent Decree understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree, any or all of them will incur, suffer, or experience some further loss or damage with respect to the Lawsuit which are unknown or unanticipated at the time this Consent Decree is signed. Except for all obligations required in this Consent Decree, the parties intend that this Consent Decree apply to all such further loss with respect to the Lawsuit, except those caused by the parties subsequent to the execution of this Consent Decree. Therefore, except for all obligations required in this Consent Decree, this Consent Decree shall apply to and cover any and all claims, demands, actions and causes of action by the parties to this Consent Decree with respect to the Lawsuit, whether the same are known, unknown or hereafter discovered or

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C04-4955 JSW — 5 —

ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

This waiver applies to the injunctive relief aspects of this action only and does not include resolution of plaintiff's claims for damages, attorney fees, litigation expenses and costs.

11. Except for all obligations required in this Consent Decree, and exclusive of the referenced continuing claim for damages, statutory attorney fees, litigation expenses and costs, each of the parties to this Consent Decree, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the Lawsuit.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C04-4955 JSW — 6 —

**TERM OF THE CONSENT ORDER:**

12. This Consent Order shall be in full force and effect for a period of twelve (12) months after the date of entry of this Consent Order, or until the injunctive relief contemplated by this Order is completed, whichever occurs later. The Court shall retain jurisdiction of this action to enforce provisions of this Order for twelve (12) months after the date of this Consent Decree, or until the injunctive relief contemplated by this Order is completed, whichever occurs later.

**SEVERABILITY:**

13. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

14. Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order.

Dated: November ___, 2005

_____
Plaintiff GAIL BEREOLA

Dated: November ___, 2005

_____
Defendant BARRY KAMI

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C04-4955 JSW

— 7 —

**TERM OF THE CONSENT ORDER:**

12. This Consent Order shall be in full force and effect for a period of twelve (12) months after the date of entry of this Consent Order, or until the injunctive relief contemplated by this Order is completed, whichever occurs later. The Court shall retain jurisdiction of this action to enforce provisions of this Order for twelve (12) months after the date of this Consent Decree, or until the injunctive relief contemplated by this Order is completed, whichever occurs later.

**SEVERABILITY:**

13. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

14. Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order.

Dated: November 15, 2005

_____
Plaintiff GAIL BEREOLA

Dated: November ___, 2005

_____
Defendant BARRY KAMI

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C04-4955 JSW — 7 —

**TERM OF THE CONSENT ORDER:**

12. This Consent Order shall be in full force and effect for a period of twelve (12) months after the date of entry of this Consent Order, or until the injunctive relief contemplated by this Order is completed, whichever occurs later. The Court shall retain jurisdiction of this action to enforce provisions of this Order for twelve (12) months after the date of this Consent Decree, or until the injunctive relief contemplated by this Order is completed, whichever occurs later.

**SEVERABILITY:**

13. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES AND PARTIES:**

14. Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order.

Dated: November ___, 2005

_____
Plaintiff GAIL BEREOLA

Dated: November 15, 2005

_____
Defendant BARRY KAMI

Consent Decree and Order
Case No. C04-4955 JSW

1 Dated: November 15, 2005 [signature] Frank T. Kami
2 [signature] Miyoko Kami
3 Defendant FRANK T. AND MIYOKO KAMI TRUST
4
5 APPROVED AS TO FORM:
6 Dated: November ___, 2005  PAUL L. REIN
   PATRICIA BARBOSA
7 JULIE A. MCLEAN
   LAW OFFICES OF PAUL L. REIN
8
9 _____
10 Attorneys for Plaintiff
    GAIL BEREOLA
11
12 Dated: November ___, 2005  ARTHUR W. CURLEY
    MARK R. GIBSON
13 BRADLEY, CURLEY, ASIANO, BARRABEE
    & CRAWFORD, P.C.
14
15
16 _____
17 Attorneys for Defendants
    BARRY KAMI, as an individual and
    dba BARRY KAMI, DDS; FRANK T. AND
18 MIYOKO KAMI TRUST
19
20 **ORDER**
21 Pursuant to stipulation, and for good cause shown, IT IS SO
22 **ORDERED**.
23
24 Dated: _____
    _____
25 Honorable Jeffrey S. White
    United States District Judge
26
27
28

LAW OFFICES OF
PAUL L. REIN
...
Oakland, CA 94612-1311
(510) 832-5001

Consent Decree and Order:
Case No. C04-4955 JSW                                                          8

```
 1   Dated: November 15, 2005                    [signature: Frank T. Kami]
 2                                               [signature: Miyoko Kami]
 3                                               Defendant FRANK T. AND MIYOKO
 4                                               KAMI TRUST

 5   APPROVED AS TO FORM:
 6   Dated: November __, 2005                    PAUL L. REIN
 7                                               PATRICIA BARBOSA
                                                 JULIE A. MCLEAN
 8                                               LAW OFFICES OF PAUL L. REIN
 9
10                                               _____
                                                 Attorneys for Plaintiff
11                                               GAIL BEREOLA

12   Dated: November 21, 2005                    ARTHUR W. CURLEY
13                                               MARK R. GIBSON
                                                 BRADLEY, CURLEY, ASIANO, BARRABEE
14                                               & CRAWFORD, P.C.
15                                               [signature]
16
17                                               _____
                                                 Attorneys for Defendants
18                                               BARRY KAMI, as an individual and
                                                 dba BARRY KAMI, DDS; FRANK T. AND
19                                               MIYOKO KAMI TRUST

20                                               ORDER

21   Pursuant to stipulation, and for good cause shown, IT IS SO
22   ORDERED.
23
24   Dated: _____
                                                 Honorable Jeffrey S. White
25                                               United States District Judge
26
27
28
```

Consent Decree and Order:
Case No. C04-4955 JSW                                                    8

| | |
|---|---|
| Dated: November __, 2005 | |
| | _____ |
| | Defendant FRANK T. AND MIYOKO KAMI TRUST |

APPROVED AS TO FORM:

Dated: November 16, 2005         PAUL L. REIN
                                 PATRICIA BARBOSA
                                 JULIE A. MCLEAN
                                 LAW OFFICES OF PAUL L. REIN

                                 *Julie Mclean*
                                 _____
                                 Attorneys for Plaintiff
                                 GAIL BEREOLA

Dated: November __, 2005         ARTHUR W. CURLEY
                                 MARK R. GIBSON
                                 BRADLEY, CURLEY, ASIANO, BARRABEE
                                 & CRAWFORD, P.C.

                                 _____
                                 Attorneys for Defendants
                                 BARRY KAMI, as an individual and
                                 dba BARRY KAMI, DDS; FRANK T. AND
                                 MIYOKO KAMI TRUST

**ORDER**

Pursuant to stipulation, and for good cause shown, **IT IS SO ORDERED.**

Dated: November 22, 2005

*Jeffrey S. White*
Honorable Jeffrey S. White
United States District Judge

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C04-4955 JSW

8

**Attachment A to Consent Decree**
**Bereola v. Kami et al**
**Case No. C04-4955 JSW**
**Page 1 of 2**

The following injunctive relief is agreed upon between the parties as resolution to plaintiff's claims for injunctive relief as set forth in the Complaint filed on November 22, 2004. The parties agree that the corrective work set forth in this Attachment A will be performed in compliance with the California Code of Regulations, Title 24-2 and Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Consent Decree and Order.

Defendants agree to carry out the corrective work set forth in this Attachment A. Defendants will apply for permits for this work within 30 days of execution of the consent decree, will commence construction within 30 days of receiving permits, and will complete construction within 60 days of commencement. For work not requiring permits, such work will be completed within 30 days of execution of this consent decree.

In the event that unforeseen difficulties prevent Defendants from completing any of the agreed upon injunctive relief, Defendants will notify Plaintiff's counsel in writing within ten (10) days of discovering the delay. The parties will meet and confer in good faith before plaintiff seeks any relief from the court.

Defendants will provide Plaintiff written notice when the corrective work has been completed. Defendants will provide Plaintiff with a status report no later than 120 days from the execution of the consent decree in the event that the corrective work is not completed.

1. **Entrance door:** Defendants will provide a 58" by 60" landing in front of the door, and adjust the entry door to require no more than 5 lbs of pressure to open.

2. **Front Counter:** Defendants will provide a lowered portion of the reception desk for use by disabled persons. The lowered portion shall be 19" deep, 36" wide and no higher than 34" in height. Alternately, defendants may provide a table in the lobby with required dimensions with accessible signage indicating availability for disabled persons. Defendants' employees shall be trained in using the shelf or table as needed by disabled patients.

3. **Public restroom:** Defendants will provide an accessible unisex restroom according to the drawing prepared by plaintiff's consultants and attached hereto at page 2.

4. **Parking:** Defendants will provide one fully accessible parking space, which will be configured and signed as a "van-accessible" parking space. Such parking space will have a compliant path of travel to the front entrance of the building.

**Attachment A to Consent Decree**
**Bereola v. Kami et al**
**Case No. C04-4955 JSW**
**Page 2 of 2**



Dr. Kami Dental Office
1811-13 University Ave.
Berkeley, CA

Modified Restrooms 4 - Proposed

- - - - - - = Removed Wall Sections
▨▨▨▨ = New Wall Sections